

FILED

DEC 0 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AIRGAS NOR-PAC, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RICK EGGLESTON,<br><br>　　　　　Defendant. | Case No. A02-202 CV (JKS)<br><br><br>O R D E R |

　　　Airgas Nor-Pac, Inc., sues Rick Eggleston alleging that as a former owner/employee he violated separate provisions of a contract whereby he sold his interest to Airgas and was precluded from competing with Airgas and soliciting Airgas's customers. The Court previously denied summary judgment for Airgas because there were disputed issues of material fact regarding the scope of the non-competition agreement. Docket No. 93. Airgas seeks reconsideration of that order arguing that the Court ignored the no-solicitation claim. Docket No. 96. In the meantime, Eggleston has moved to bifurcate the trial to first address the scope of the non-competition agreement. Docket No. 95. Airgas opposes in part because a separate trial would be required on the issue of breach of the no-solicitation agreement. Docket No. 98. Eggleston replies that there is no separate claim of violation of the no-solicitation agreement apart from the alleged violation of the non-competition agreement. That is to say, if the jury found for Eggleston on the scope of the non-competition agreement, then the Court, in construing the two agreements in para materia, would have to conclude that there was no violation of the no-solicitation provision. Eggleston argues that the Court did not construe the agreement as precluding Eggleston from seeking business from former customers, but only from seeking business from former customers in competition with

1

102

Airgas, and thus determined that Eggleston would have violated the no-solicitation clause if he sought to compete with Airgas even if the former customers rejected his overtures and did business with Airgas. Eggleston notes that all of the firms that Airgas has claimed were solicited have denied that they were separately solicited.

It is true that this Court considered the no-solicitation provision and the non-competition provisions as in para materia and concluded that if Eggleston was permitted by the non-competition provision to sell an item to a former customer he would also be permitted by the no-solicitation provision to sell to that customer.

The Court is satisfied that bifurcation would limit costs. If the jury finds that the non-competition clause should be interpreted as Eggleston interprets it, the case will be over. If the jury finds for Airgas, the parties would be able to rapidly proceed to a second trial to determine damages.

**IT IS THEREFORE ORDERED:**

The motion for reconsideration at **Docket No. 96** is **DENIED**. The motion for bifurcation at **Docket No. 95** is **GRANTED**.

Dated at Anchorage, Alaska, this ___/___ day of December 2005.



JAMES K. SINGLETON, JR.
United States District Judge

A02-0202--CV (JKS)    BM 12/6/05

✓J. BOARDMAN (PRESTON)
✓T. VAN FLEIN

ORDER