FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 12 PM 3: 21

DOUGLAS S. PARKER
PRESTON GATES & ELLIS LLP
420 L Street, Suite 400
Anchorage, AK 99501-1937
Telephone: (907) 276-1969

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AIRGAS NOR-PAC, INC.,<br><br>                            Plaintiff,<br><br>v.<br><br>RICK EGGLESTON,<br><br>                           Defendant. | **MOTION AND MEMORANDUM FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE**<br><br>Case No. A02-202 CI (JKS) |

       Plaintiff Airgas Nor-Pac Inc. ("Airgas"), pursuant to D. Ak. LR 59.1, moves the Court to reconsider part of its order granting defendant Rick Eggleston's ("Eggleston's") motion to bifurcate at Docket No. 95. Specifically, Airgas asks the Court to reconsider its determination that the non-competition and non-solicitation clauses in the agreements are *in pari materia*. Airgas respectfully submits that the two clauses are very distinctly different, both factually and legally, and should be tried as such.

       The non-competition clause at issue precludes Eggleston from competing within the area in which Airgas operates – regardless of who his customers may be – by selling the same products Airgas sells:

> Eggleston shall not within the Area, directly or indirectly, on his own behalf or in the service or on behalf of others, become financially interested in a

> Competing Business ... or render any services to any Competing Business as an employee, consultant, partner ... or in any other relationship whatsoever.

Ex. Q to Plf's Motion for Summary Judgment, p. 4.

The non-solicitation clause, on the other hand, more broadly precludes Eggleston from attempting to solicit any kind of business – regardless of what the product may be – from specific customers:

> Eggleston shall not, either directly or indirectly, on his own behalf or in the service or on behalf of others, solicit, divert, or appropriate, or attempt to solicit, divert, or appropriate, to any Competing Business, any person or entity whose account with Interior Tool was sold or serviced by or under his direction or supervision while he was associated with Interior Tool at any time prior to Closing Date.

*Id.*

As the language in these specific clauses indicates, non-solicitation and non-competition covenants generally serve two distinctly different functions:

> A covenant not to compete, which is designed primarily to protect the employer's "investment of time and money in developing the employee's skills," prohibits the employee from performing competitive activities in a certain geographic area for a limited time. A covenant not to solicit, which is designed primarily to protect the employer's investment of time and money in developing customer relationships, prohibits an employee from soliciting the employer's clients for a limited time and only requires a territorial restriction if the forbidden clients include the clients with whom the employee did not have a relationship prior to his departure.

*Habif, Arogeti & Wynne, P.C. v. Baggett*, 498 S.E.2d 346, 353 (Ga.App. 1998) (footnotes omitted). Accordingly, from a legal standpoint, the two types of clauses are interpreted and enforced separately according to their terms:

> Based on these distinctions, the enforceable limits on what these two covenants may prohibit are somewhat different. A covenant not to compete by definition may preclude the employee from accepting related business (whether solicited or not) from any clients (whether previously contacted by him or not) if the employee is officed in, or is to perform the restricted activities in, the forbidden territory. A covenant not to solicit, on the other hand, may preclude the employee from soliciting the employer's clients

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

(possibly just those clients located in a limited territory if the covenant does not restrict the forbidden clients to those whom the employee had encountered while at the employer), but it may not preclude the employee from accepting unsolicited business from those clients.

*Id.* (footnotes omitted).

In light of this, lumping the two clauses together, if indeed this is the intent of the Court's ruling, so that the non-solicitation clause rises or falls based on the interpretation of the non-competition clause, would wholly ignore their separate purposes and – more fundamentally – what the parties expressly bargained for in the overall agreement. In other words, if the jury is only allowed to answer the question of whether or not Eggleston sold competing products, that will leave unanswered the critical question of whether he also improperly solicited business (for any kind of product) from the prohibited class of Airgas' customers. Thus, failing to have the jury answer the separate non-solicitation question would strip Airgas of its legitimate right to have the non-solicitation issue tried.

Finally, although it is unclear what weight the Court might have given them, Eggleston's un-sworn statements from Airgas customer's in his reply brief do not justify a summary ruling on Airgas' non-solicitation claim. First and most obviously, Eggleston's transcripts of un-sworn telephonic interviews are not admissible in summary judgment proceedings.[1] *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990).

If and to the extent that Eggleston's statements factored into the bifurcation order at all, the result would be highly unjust because it would mean that, after failing to produce a single piece of evidence (or, for that matter, even an argument) in response to Airgas' summary judgment motion on the issue, Eggleston was allowed to effectively dispose of Airgas' claim that Eggleston violated the non-solicitation clause, using inadmissible testimony in a *reply* brief on his subsequent motion to bifurcate. Airgas was deprived of

---

[1] Rather, the only admissible evidence in the record on this point – relied on in Airgas' motion for summary judgment – is the sworn statement of Eggleston's employee Shawn Earl, who unequivocally testified under oath that he solicited Airgas' customers on Eggleston's behalf. *See* Ex. AA to Plf's Motion for Summary Judgment, p. 14.

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

any opportunity to contest this new unsworn and *ex parte* derived "evidence". At an absolute minimum, the Court should allow the issues related to the non-solicitation clause to be as fully and carefully litigated as they are for the separate non-compete clause.

DATED at Anchorage, Alaska this __12__ day of December 2005.

PRESTON GATES & ELLIS LLP

By: _____
Douglas S. Parker, ABA No. 8311168
Attorneys for Plaintiff AIRGAS
NOR-PAC, INC.

**Certificate of Service**

I hereby certify that on the __12__ day of December, 2005, a true copy of the foregoing was served on:

Thomas V. Van Flein, Esq.
Clapp Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501

Via: ☒ U.S. Mail  ☐ hand delivery  ☐ facsimile

_____
Pamela McKibben